# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT MASON UNDERWOOD, SR.,<br><br>Defendant. | Criminal Action No. TDC-18-0201-1 |

## MEMORANDUM ORDER

Pending before the Court is Defendant Robert Underwood's Petition for Writ Under the All Writs Act for Release of Defendant, ECF No. 175. Following his conviction after trial for one count of conspiracy to defraud the United States, 18 U.S.C. § 371 (2018), and four counts of filing false tax returns, 26 U.S.C. § 7206(1) (2018), Underwood was sentenced on December 3, 2019 to six months of imprisonment. Underwood's sentence began on February 19, 2020, when he reported to the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"). In his Petition, Underwood seeks temporary release from FCI-Cumberland because of the coronavirus outbreak and the significant health risk to him that exposure to the virus would pose in light of his age and ongoing health conditions. Underwood seeks relief under the All Writs Act, 28 U.S.C. § 1651 (2018), which provides that: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Id.*

The All Writs Act "authorize[s] a federal court 'to issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained.'" *Penn. Bureau of Corrs. v. U.S. Marshals Serv.*, 474 U.S. 34, 40 (1985) (quoting *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172 (1977)).

However, the United States Supreme Court has held that the "All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute," such that "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id.* at 43. Thus, in the absence of exceptional circumstances that clearly show the inadequacy of the statutory procedure, the All Writs Act "does not authorize" courts "to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." *Id.*

Here, where Underwood does not seek a reduction in his sentence, but instead asks to be released temporarily during the pandemic with a commitment to return to complete his sentence when the outbreak subsides, he is effectively seeking a furlough from his sentence. Furloughs, however, are governed by 18 U.S.C. § 3622, which provides in relevant part that:

> The Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period of such release appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2), if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him, under prescribed conditions, to—
>
> (a) visit a designated place for a period not to exceed thirty days, and then return to the same or another facility, for the purpose of—
>  (1) visiting a relative who is dying;
>  (2) attending the funeral of a relative;
>  (3) obtaining medical treatment not otherwise available;
>  (4) contacting a prospective employer;
>  (5) establishing or reestablishing family or community ties; or
>  (6) engaging in any other significant activity consistent with the public interest.

18 U.S.C. § 3622(a). This statute also authorizes the Bureau of Prisons to furlough a prisoner, under certain circumstances, to participate in a training or educational program in the community or to work at paid employment in the community. *Id.* § 3622(b), (c). Under applicable regulations,

2

a furlough may be granted for an inmate to be "present during a crisis in the immediate family, or in other urgent situations." 28 C.F.R. § 570.33(b) (2019). Where the type of relief sought by Underwood is specifically addressed by statute, the All Writs Act is unavailable as a means to order a furlough from federal prison.

In the Court's view, informed by its role presiding over Underwood's trial and sentencing, Underwood should receive strong consideration for a furlough under the present circumstances. Even though no inmate at FCI-Cumberland has tested positive for the coronavirus to date, there is significant potential for it to enter the prison in the near future. Indeed, despite the efforts by the Bureau of Prisons, as described by the Government, to prevent the coronavirus from entering federal prisons, there is already a documented death of a federal prisoner as a result of the coronavirus. *See* Kimberly Kindy, *An Explosion of Coronavirus Cases Cripples a Federal Prison in Louisiana*, Wash. Post, Mar. 29, 2020, https://www.washingtonpost.com/national/an-explosion-of-coronavirus-cases-cripples-a-federal-prison-in-louisiana/2020/03/29/75a465c0-71d5-11ea-85cb-8670579b863d_story.html. If the coronavirus were to enter FCI-Cumberland, it would pose a grave, mortal risk to Underwood, who is 73 years old and, as was documented in his Presentence Investigation Report ("PSR"), has several very serious health conditions that warranted a downward variance in his sentence and that would place him at heightened vulnerability to the coronavirus. *See* PSR ¶ 54, ECF No. 92; Pet. Ex. A, ECF No. 175-1.

Although the Court has been critical of Underwood's offense conduct, Underwood is a non-violent offender, has no significant prior criminal record, and poses no danger to the community at all. It would therefore be in the public interest to have someone in Underwood's condition outside of FCI-Cumberland at the present time because of the public resources necessarily required to protect him from the virus and to treat him were he to become infected

while incarcerated. Consistent with its findings at the sentencing hearing, which included finding that Underwood has otherwise generally led a law-abiding life and has reported criminal activity in his community to law enforcement on several occasions, the Court concludes that there is reasonable cause to believe that Underwood would honor the trust that would be placed in him were he to receive a furlough. Whether it is to receive "medical treatment" in a safer environment, outside of a prison during a pandemic, or to remain isolated at home in light of the "urgent situation" presented by the pandemic in a manner that, as discussed above, would advance "the public interest," there appears to be an appropriate basis to issue a furlough to Underwood. *See* 18 U.S.C. § 3622(a)(3), (6); 28 C.F.R. § 570.33. Thus, subject to consideration of Underwood's conduct while in prison, the Court concludes that the interests of justice would likely warrant the issuance of a furlough to Underwood, at least for the statutory maximum period of 30 days.

However, the issuance of a furlough to a federal prisoner is a decision reserved to the Bureau of Prisons, not the Court. 18 U.S.C. § 3622. The Court therefore lacks the authority to issue a furlough under the statute, and there has been no showing that exceptional circumstances exist, even in these extraordinary times, to issue a furlough under the All Writs Act when there has been no showing that the statutory process cannot be used to achieve the requested result. Thus, although the Court believes that a furlough may well be warranted, and would have no objection to the inclusion of this Order in any application for a furlough to be submitted by Underwood to the Bureau of Prisons, it must deny the Petition.

Accordingly, it is hereby ORDERED that Underwood's Petition for Release, ECF No. 175, is DENIED.

Date: March 31, 2020

 /s/ *Theodore D. Chuang*
THEODORE D. CHUANG
United States District Judge