# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT MASON UNDERWOOD, SR.,<br><br>Defendant. | Criminal Action No. TDC-18-0201 |

## MEMORANDUM ORDER

Pending before the Court is Defendant Robert Underwood's Emergency Motion for Order Modifying Judgment to Allow Remainder of Sentence to be Served on Home Confinement Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 180. Following his conviction after trial for one count of conspiracy to defraud the United States, 18 U.S.C. § 371 (2018), and four counts of filing false tax returns, 26 U.S.C. § 7206(1) (2018), Underwood was sentenced on December 3, 2019 to six months of imprisonment. Underwood's sentence began on February 19, 2020, when he reported to the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"). In his Motion, Underwood seeks a modification of his sentence under a statutory provision commonly referred to as the "compassionate release" provision to allow him to serve the remainder of his sentence on home detention because of the coronavirus outbreak and the significant health risk to him that exposure to the virus would pose in light of his age and ongoing health conditions. The Government opposes the Motion on the grounds that (1) Underwood has not exhausted administrative remedies, as required by the statute; and (2) even if the failure to exhaust were excused, Underwood has not demonstrated the extraordinary and compelling reasons required to justify a sentencing modification.

**DISCUSSION**

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018, the compassionate release provision was modified to also allow prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1) in any case that—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> * * *
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

*Id.* § 3582(c)(1)(A).

Prior to April 1, 2020, Underwood sent an email request for compassionate release under this provision in light of the COVID-19 pandemic. The Warden of FCI-Cumberland denied the request on or about April 1, 2020. The Deputy Regional Counsel for the BOP's Mid-Atlantic Regional Office has informed defense counsel that the request was denied because Underwood

2

"does not meet the other criteria at this point" but stated that "[n]onetheless, the BOP continues to assess inmates for placement onto Home Confinement and are placing additional emphasis on these types of transfers in light of current circumstances." Lee Email (4-1-2020), Mot. Ex. 1, ECF No. 180-1.

The parties agree that Underwood has yet to exhaust administrative remedies under the statute, as he has not exhausted his appeal rights relating to his compassionate release request, and a period of 30 days following the Warden's receipt of his request has yet to elapse. 18 U.S.C. § 3582(c)(1)(A). Underwood, however, argues that the Court should waive the exhaustion requirement under the present circumstances.

Upon consideration of the relevant legal authority, the Court finds no basis to waive this requirement. In *Ross v. Blake*, 136 S. Ct. 1850 (2016), the United States Supreme Court reversed a determination that the administrative exhaustion requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) (2018), could be excused under an unwritten "special circumstances" exception adopted by a lower court. *Ross*, 136 S. Ct. at 1858. The Court stated that "a statutory exhaustion provision stands on different footing" from a judge-made exhaustion doctrine, and that "courts have a role in creating exceptions only if Congress wants them to." *Id.* at 1857. Accordingly, mandatory exhaustion statutes "foreclose[e] judicial discretion" and must be taken "at face value," such that courts must "refus[e] to add unwritten limits onto their rigorous textual requirements." *Id.* The Court, however, recognized that where the text of the PLRA exhaustion requirement barred a lawsuit "until such administrative remedies as are available are exhausted," 42 U.S.C. § 1997e(a), the Court could fairly interpret the term "available" and allow for certain exceptions to exhaustion where the administrative process was deemed to not be actually "available." *Ross*, 136 S. Ct. at 1858-60 (holding that administrative remedies are not

3

"available," such that exhaustion is not required by the PLRA, when the administrative process "operates as a simple dead end" because prison officials are "unable or consistently unwilling to provide any relief," when it is "so opaque that it becomes, practically speaking, incapable of use," or when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation"). In light of *Ross*, Underwood's reliance on *Hemphill v. New York*, 380 F.3d 680 (2d Cir. 2004), a pre-*Ross* case in which PLRA exhaustion was deemed potentially excused based on "special circumstances," is outdated and misplaced. *Id.* at 690.

Here, where the mandatory exhaustion requirement is, as in *Ross*, contained in the statute, the Court likewise may not create an exception not grounded in the statute itself. Unlike the PLRA, the compassionate release exhaustion requirement does not even limit its reach to exhaustion of "available" administrative remedies, such that it is not clear that even the types of exceptions found in *Ross* to be available under the PLRA would apply here. *See* 18 U.S.C. § 3582(c)(1)(A); *Ross*, 136 S. Ct. at 1858-60. The Court therefore agrees with other judges in this District and elsewhere that a prisoner must exhaust the administrative appeal process, or wait 30 days, before his claim may be considered. *See, e.g.*, *United States v. Johnson*, No. RDB-14-0441, 2020 WL 1663360, at *5 (D. Md. Apr. 3, 2020) (finding no exceptions to the exhaustion requirement); *United States v. Williams*, No. JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (same); *see also United States v. Garza*, No. 18-CR-1745-BAS, 2020 WL 1485782, at *1 (S.D. Cal. Mar. 27, 2020) (same).

Underwood argues that the Court nevertheless may waive the exhaustion requirement if it would be futile to pursue those remedies to their end. This position, however, largely rests on cases seeking a writ of habeas corpus under 28 U.S.C. § 2241, for which the exhaustion

requirement is a prudential one not contained in the statute itself. *See, e.g.*, *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, although we recognize that the statute itself does not expressly contain such a requirement."); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 239 n.2 (3d Cir. 2005) (excusing exhaustion as futile in a case seeking habeas relief under 28 U.S.C. § 2241). Moreover, in *Washington v. Barr*, 925 F.3d 109 (2d Cir. 2019), relied on by Underwood and in several district court cases excusing exhaustion in compassionate release claims, the court addressed whether the judicial doctrine of administrative exhaustion is applicable to a challenge to the Controlled Substances Act, in which there is no statutory exhaustion requirement, and discussed a futility exception and other exceptions to such non-statutory exhaustion requirements. *Id.* at 116-19 (citing *McCarthy v. Madigan*, 503 U.S. 140, 144-48 (1992) (outlining exceptions to administrative exhaustion of *Bivens* claims not grounded in a federal statute)); *see, e.g.*, *United States v. Zukerman*, No. 16-CR-194(AT), 2020 WL 1659880, at *2-3 (S.D.N.Y. Apr. 3, 2020) (excusing exhaustion based on futility and other exceptions identified in *Washington*); *United States v. Colvin*, No. 3:19-CR-179(JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) (same). Such precedent is distinguishable from the present case, as the compassionate release exhaustion requirement, like the PLRA exhaustion requirement, is not prudential, but is instead contained in the statute itself and therefore not subject to exceptions not found in the statute. *See Ross*, 136 S. Ct. at 1857. The Court therefore concludes that under *Ross*, no futility exception applies here.

Finally, even if futility could excuse exhaustion, it has not been established. According to BOP, although Underwood's request to the Warden was denied because not all criteria were met, BOP is continuing "to assess inmates for placement onto Home Confinement and are placing additional emphasis on these types of transfers in light of current circumstances." Lee Email (4-

5

1-2020). This information does not foreclose the possibility that Underwood may succeed on an appeal within the next 30 days. Moreover, several of the cases in which futility was found involved prisoners whose sentences were set to expire within 30 days or less, such that waiting for the period to expire would have prevented any meaningful relief. *See, e.g.*, *United States v. Perez*, No. 17-CR-513-3(AT), 2020 WL 1546422, at *3 (S.D.N.Y. Apr. 1, 2020) (excusing exhaustion when the prisoner had only three weeks remaining on his sentence); *Colvin*, 2020 WL 1613943, at *2 (excusing exhaustion when the prisoner had only 11 days to serve). Here, Underwood has over four months remaining on his sentence. Although Underwood has persuasively argued that he is at significant health risk if he contracts the coronavirus, he has not demonstrated that he necessarily cannot receive relief through an administrative appeal. The Court thus finds that Underwood has not satisfied the statute's exhaustion requirement and that there is no basis to waive it. The Court therefore need not address the merits of Underwood's compassionate release request.

## CONCLUSION

As noted in its ruling on Underwood's prior motion, the Court recognizes the risk that Underwood faces from COVID-19 and agrees that, under the circumstances, he has a strong argument for a furlough and at least a legitimate argument for early release. The Court encourages Underwood to pursue all available administrative remedies. However, as to the present Motion, the Court may not grant relief contrary to the statutory requirements. Accordingly, it is hereby ORDERED that Underwood's Motion for Release, ECF No. 180, is DENIED WITHOUT PREJUDICE.

Date: April 10, 2020  /s/ *Theodore D. Chuang*
THEODORE D. CHUANG
United States District Judge